**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| DAJUAN M. ERBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:26-CV-59 SRW |
| | ) | |
| CHRIS G. LACKEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Plaintiff DaJuan M. Erby, an inmate at the South Central Correctional Center,[1] for leave to commence this civil action without prepayment of the required filing fee. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $24.23. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action against the Defendants for failure to state a claim. Finally, the Court will deny without prejudice Plaintiff's motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

[1] The Complaint relates only to events which allegedly occurred at the Northeast Correctional Center in Bowling Green, Missouri, not the South Central Correctional Center.

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion for leave to commence this civil action without prepayment of the required filing fee, Plaintiff submitted a copy of his inmate account statement. ECF No. 4. A review of Plaintiff's account indicates an average monthly deposit of $121.15 and an average monthly balance of $33.30. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $24.23, which is 20 percent of Plaintiff's average monthly deposits.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Self-represented Plaintiff DaJuan M. Erby filed the instant Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff brings this action against two Northeast Correctional Center ("NECC") employees, Correctional Officer Chris G. Lackey and the previous Deputy Warden Larry Stence, in both their official and individual capacities.

Plaintiff alleges, on January 7, 2026, he was "assaulted by being sprayed from Officer Lackey for no reason and charge[d] with a [conduct violation] assault 10.3 to cover his actions." *Id.* at 3. He indicates that this incident has caused him vision issues in his right eye. *Id.* Plaintiff also appears to complain that the prisoner grievance process was unhelpful. *Id.*

Attached to his Complaint is documentation reflecting the grievances Plaintiff filed and the responses from the Missouri Department of Corrections. ECF No. 1-3. The attachments reflect as follows. On February 18, 2026, Plaintiff filed an Informal Resolution Request (IRR) against Defendant Officer Lackey regarding the January 7th incident. *Id.* at 5. Within the IRR, Plaintiff argued that he should not have received a 10.3 conduct violation for Minor Assault because he was

the one assaulted by being pepper sprayed from behind. *Id.* On February 26, 2026, Plaintiff submitted an Offender Grievance against Defendant Officer Lackey asking that the January 7th incident be properly investigated. *Id.* at 8.

The Missouri Department of Corrections issued a letter indicating that it reviewed Plaintiff's grievance "and it was found that staff did not break any policies in their actions or in the writing, interview, or hearing of [the 10.3] violation." *Id.* at 3. By letter, dated March 16, 2016, Defendant Warden Stence wrote in pertinent part:

> Having reviewed your IRR, Grievance, another pertinent information available to me, I found the response provided at the informal resolution request adequately addressed your complaint. You received violation 10.3 NECC26-102 on January 7, 2026. The body of the violation states that staff observed you walk off the sidewalk near an out of bounds during mainline. The body of the violation states that staff instructed you to move to the sidewalk, but you stated a belligerent statement to staff. Staff directed you to a pat search which you refused which resulted in a use of force.

*Id.* at 7.

Plaintiff filed an Offender Grievance Appeal arguing that the matter was not properly investigated. *Id.* at 1. A Grievance Appeal Response was issued as follows:

> Your grievance appeal received on April 2, 2026, has been reviewed. The informal resolution request response and grievance response adequately addressed your due process concerns regarding conduct violation #NECC26-102 for rule #10.3- Minor Assault: (Subjecting a staff member to any physical contact without his consent). When given a directive, you failed to comply and became increasingly aggressive, leading to a spontaneous use of force. You were afforded a fair hearing, and all sanctions were appropriate to the rule violation. No additional action is necessary. As a result, you have exhausted the grievance process. Your grievance appeal is denied.

*Id.* at 2.

For relief, Plaintiff seeks $100,000,000 in monetary damages. *Id.* at 5. He further requests the Court to charge Defendant Officer Lackey with 1st Degree Assault, order the NECC to provide him with eye surgery, to remove the conduct violation from his record, and direct that the Warden "stop misusing authority and for everyone to take people skill classes." *Id.*

## Discussion

### A. Official Capacity Claims

A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In other words, the real party in interest in an official capacity suit is not the named official but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"); and *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official. . . capacities sues only the public employer").

However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71; *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (A "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983."). And in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

Here, Plaintiff alleges that Defendants are employees of the NECC which, as part of the Missouri Department of Corrections, is a state agency of Missouri. As noted above, Plaintiff's official capacity claims against Defendants are really claims against Defendants' employer – the State of Missouri. Such claims are barred because a state is not a "person" for purposes of § 1983, and because the Eleventh Amendment bars suits against state officials acting in their official capacity. Thus, the official capacity claims against Defendants Lackey and Stence are subject to dismissal.

**B. Individual Capacity Claim Against Deputy Warden Larry Stence**

"Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Plaintiff named Defendant Larry Stence, a previous Deputy Warden at NECC, in the caption of the Complaint. The statement of claim fails, however, to allege that Deputy Warden Stence personally engaged in any conduct that deprived Plaintiff of a federally protected right. In other words, although he lists Defendant Deputy Warden Stence in his Complaint, he has not asserted any actual involvement with the incident in which he was pepper sprayed by a correctional officer. Instead, Plaintiff's claims sound in *respondeat superior*—that is, Plaintiff seeks to hold Defendant Deputy Warden Stence responsible for the other Defendant's actions as the employer or supervisor. Claims sounding in *respondeat superior* are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018) (vicarious liability is inapplicable to § 1983 suits).

Additionally, to the extent Plaintiff is alleging that Defendant Deputy Warden Stence did not handle or respond to his grievances properly, such an allegation does not state a claim upon

which relief can be granted. Plaintiff does not have an independent constitutional right to a grievance procedure, and no constitutional right can be violated by Deputy Warden Stence's handling of Plaintiff's grievance or grievance appeal. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (*citing Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)) (a prison grievance procedure is merely a procedural right; it confers no substantive rights upon inmates). *See also West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law).

Thus, the official capacity claim against Defendant Deputy Warden Stence is subject to dismissal for failure to state a claim.

**C. Individual Capacity Claim Against Officer Chris G. Lackey**

Plaintiff is a convicted and sentenced state prisoner. ECF No. 1 at 2. He claims that he was "assaulted by being sprayed from Officer Lackey for no reason," which has caused him subsequent vision issues in his left eye. *Id.* at 3. There is no other information about the incident in his statement of claim, although, in his attached grievances, he asserts that he was sprayed from behind. Plaintiff also writes that Officer Lackey charged him with a conduct violation, 10.3 Minor Assault, "to cover his actions." *Id.*

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain[.]" *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether the force was applied "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017); *see also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir.

2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically.").

To determine whether force was used in good faith, courts consider "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Stewart v. Precythe*, 91 F.4th 944, 949 (8th Cir. 2024) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). *See also Hickey v. Reeder,* 12 F.3d 754, 759 (8th Cir. 1993) ("There is no question that prison officials may compel compliance with legitimate prison regulations."); *Stenzel v. Ellis*, 916 F.2d 423, 426 (8th Cir. 1990) (holding that inmate's refusal to comply with a legitimate jail security regulation constitutes a disturbance that poses a security risk to the safety of inmates and prison staff).

Here, Plaintiff does not provide any supporting facts as to the January 7th incident in which he was allegedly sprayed by Defendant Officer Lackey. His only allegation is that he was sprayed "for no reason." The grievance responses indicate that the matter was investigated, staff did not break any policies in their actions, and Officer Lackey was justified in his use of force due to Plaintiff's non-compliant behavior. Plaintiff simply has not pleaded enough facts for the Court to find Officer Lackey's actions to be an unreasonable use of force. *See Peterson v. Heinen*, 89 F.4th 628, 636 (8th Cir. 2023) (finding no excessive force where correctional officer used chemical spray on a hand-cuffed prisoner who was cursing, threatening, and spitting at officers); *Jones v. Shields*, 207 F.3d 491, 496 (8th Cir. 2000) (holding that "a limited application of [chemical spray] to control a recalcitrant inmate constitutes a tempered response by prison officials when compared to other forms of force" (cleaned up)); *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) (holding that the use of mace, tear gas, or other similar chemical agents does not constitute cruel and unusual punishment when reasonably necessary to subdue a recalcitrant prisoner, even where the prisoner

is locked in his cell or in handcuffs). For this reason, Plaintiff's allegation of excessive force against Officer Lackey is subject to dismissal for failure to state a claim.

As to Plaintiff's allegation that the conduct violation written against him was inappropriate because it was done to cover Officer Lacey's "actions," the Court notes that a false conduct violation is not actionable under § 1983. *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam); *see also Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974) (stating that "the role of the district court is not to afford a de novo review of the disciplinary board's factual findings" or it "would assume the task of retrying all prison disciplinary disputes"); *Mueller v. Norman*, 2011 WL 1330816, at *2 (E.D. Mo. Apr. 7, 2011) (stating that an allegation regarding a disputed conduct violation does not articulate a constitutional or federal statutory violation). For this reason, Plaintiff's allegation of a false conduct violation against Officer Lackey is also subject to dismissal for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $24.23 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's official and individual capacity claims against Defendants Officer Chris G. Lackey and Deputy Warden Larry Stence brought pursuant to 42 U.S.C. § 1983, are **DISMISSED** without prejudice for failure to state a claim.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate order of dismissal will be filed herewith.

Dated this 28th day of October, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE